IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE and ANNUITY FUNDS, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-CV-286-SMY-SCW ) ) |
| BERCO CONSTRUCTION, INC. and RICHARD SCHUETZ, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff brings this action against Defendants Berco Construction, Inc. ("Berco") and Richard Schuetz pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA") for alleged failure to pay fringe contributions to Plaintiff. On August 19, 2016, Plaintiff moved for a Clerk's Entry of Default as to Defendant Berco pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Doc. 8). Default was entered on August 22, 2016 (Doc. 9). On September 22, 2016, attorney Erin M. Phillips entered an appearance on behalf of Defendant Berco (Doc. 10) and filed a Motion to Vacate Default (Doc. 11). Plaintiff has not responded to the motion. For the following reasons, the motion is **GRANTED**.

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "the court may set aside an entry of default for good cause . . . ." FED.R.CIV.P. 55(c). A party wishing to have entry of default vacated prior to entry of a default judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Board of Trustees of*

*University of IL,* 473 F.3d 799, 810 (7th Cir. 2007). "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). The Seventh Circuit Court of Appeals has repeatedly expressed a policy of favoring trial on the merits over default judgment. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). Thus, a default should "only be employed in extreme situations, or when less drastic sanctions have proven unavailing, or when a party willfully disregards the litigation." *Id*.

In the motion, Defendant Berco states that upon being served, it sought the assistance of counsel to investigate and to attempt to negotiate a resolution of this matter with Plaintiffs' counsel and that the parties continue to negotiate. Defendant Berco further asserts that it is not affiliated with Defendant Schuetz and that it has meritorious defenses to the Complaint in terms of the calculations for the basis of the claimed amounts due and as to which Defendant is liable for said amounts claimed.

Given the Court's preference for trial on the merits over default judgment and Plaintiff's failure to respond to the motion, the Court finds it appropriate to set aside the Clerk's Entry of Default. Accordingly, the Court grants the Motion to Vacate Default (Doc. 11). It is **ORDERED** that the Entry of Default against Defendant Berco Construction Inc. be set aside. Defendant Berco shall answer or otherwise plead within **14 days** of this Order.

    **IT IS SO ORDERED.**

    **DATED:  November 7, 2016**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **United States District Judge**